

# EXHIBIT A



REQUEST FOR JUDICIAL INTERVENTION   UCS-840 (REV 1/2000)

Supreme COURT, New York COUNTY INDEX NO. DATE PURCHASED: July 16, 2007

PLAINTIFF(S):
Dunhill Franchisees Trust (Petitioner)

DEFENDANT(S):
Dunhill Staffing Systems, Inc. (Respondent)

For Clerk Only
IAS entry date
Judge Assigned
RJI Date

Date issue joined: N/A      Bill of particulars served (Y/N):   [ ] Y   [ x ] N

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[ ] Notice of motion (return date:_____)
    Relief sought _____

[ ] Order to show cause
    (clerk enter return date:_____)
    Relief sought

[ ] Other ex parte application (specify: _____)

[ x ] Notice of petition (return date:_____)
      Relief sought Confirmation of Arbitration Awd

[ ] Notice of medical or dental malpractice
    action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify:_____)

## NATURE OF ACTION OR PROCEEDING (Check ONE box only)

**MATRIMONIAL**
[ ] Contested                            -CM
[ ] Uncontested                          -UM

**COMMERCIAL**
[ ] Contract                             -CONT
[ ] Corporate                            -CORP
[ ] Insurance (where insurer is a party, except arbitration)  -INS
[ ] UCC (including sales, negotiable instruments)  -UCC
[ ] *Other Commercial                    -OC

**REAL PROPERTY**
[ ] Tax Certiorari                       -TAX
[ ] Foreclosure                          -FOR
[ ] Condemnation                         -COND
[ ] Landlord/Tenant                      -LT
[ ] *Other Real Property                 -ORP

**OTHER MATTERS**
[ ] *_____                      -OTH

**TORTS**
Malpractice
[ ] Medical/Podiatric                    -MM
[ ] Dental                               -DM
[ ] *Other Professional                  -OPM

[ ] Motor Vehicle                        -MV
[ ] *Products Liability                  -PL

[ ] Environmental                        -EN
[ ] Asbestos                             -ASB

[ ] Breast Implant                       -BI
[ ] *Other Negligence                    -OTN

[ ] *Other Tort (including intentional)  -OT

**SPECIAL PROCEEDINGS**
[ x ] Art. 75 (Arbitration)              -ART75
[ ] Art. 77 (Trusts)                     -ART77
[ ] Art. 78                              -ART78
[ ] Election Law                         -ELEC
[ ] Guardianship (MHL Art. 81)           -GUARD81
[ ] *Other Mental Hygiene                -MHYG
[ ] *Other Special Proceeding            -OSP

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| [ ] | [ x ] | Municipality (Specify_____) | [ ] | [ x ] | Public Authority: (Specify_____) |

| YES | NO | |
|---|---|---|
| [ ] | [ x ] | Does this action/proceeding seek equitable relief? |
| [ ] | [ x ] | Does this action/proceeding seek recovery for personal injury? |
| [ ] | [ x ] | Does this action/proceeding seek recovery for property damage? |

**Pre-Note Time Frames:**
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

x Expedited: 0-8 months          Standard: 9-12 months          Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served?          No          Yes, Date _____

Was a Notice of No Necessity filed?          No          Yes, Date _____

**ATTORNEY(S) FOR PLAINTIFF(S):**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| | The Richard L. Rosen Law Firm, PLLC | 110 East 59th Street, 23rd Floor, New York, NY 10022 | 212-644-6644 |

**ATTORNEY(S) FOR DEFENDANT(S):**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| | Greenberg Traurig, LLP | 2375 East Camelback Road, Suite 700, Phoenix, AZ 85016 | 602-445-8000 |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

**RELATED CASES:** (IF NONE, write "NONE" below):

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|
| NONE | | | |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: July 13, 2007

(SIGNATURE)
Richard L. Rosen

(PRINT OR TYPE NAME)
Plaintiff (Petitioner)

ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

195271.1

2/10/00 7:28 PM



COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
In the Matter of The Arbitration of Certain Controversies
Between:

DUNHILL FRANCHISEES TRUST,

          Petitioner,

    - and -

DUNHILL STAFFING SYSTEMS, INC.,

          Respondent.
------------------------------------------------------------x

NOTICE OF PETITION

Index No.: 109725/07
Date Purchased: July 16, 2007

PLEASE TAKE NOTICE that upon the annexed Petition of the Dunhill Franchisees Trust, verified on the 13th day of July, 2007, the award of the arbitrator in the arbitration proceedings between the Petitioner, Dunhill Franchisees Trust, and the Respondent, Dunhill Staffing Systems, Inc., signed and affirmed on the 25th day of May, 2007, and delivered to the Petitioner and Respondent on or about the 29th day of May, 2007, the agreements for arbitration (for each of the four individual respondents who comprise the Dunhill Franchisees Trust for purposes of the above referenced arbitration proceedings) as follows: dated October 12, 2000 (Harvey Auger); June 14, 2001 (Michael Lamanna); July 12, 2002 (Basil "Bud" Westover); and January 21, 2000 (Elias Zinn and Michael Wilcoxson), and upon all the papers and proceedings heretofore had herein, an application will be made to this court at the courthouse thereof, located at 60 Centre Street, New York, New York, Submission Part, Room 130, on the 20th day of August, 2007, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for a judgment pursuant to C.P.L.R. §7510 confirming the award of the arbitrator and directing that judgment be entered thereon, and for such other and further relief as may be just, proper and equitable, together with interest from the date of the award, attorneys' fees, and the costs and disbursements of this

proceeding.

PLEASE TAKE FURTHER NOTICE, that a demand is hereby made for the service of an answer and supporting affidavits, if any, at least seven (7) days before the aforesaid date of the hearing, since this notice is served at least twelve (12) days before such time.

The Petitioner designates New York County as place of trial. The basis of venue reflects the written agreement of the parties.

Dated: New York, New York
July 13, 2007

THE RICHARD L. ROSEN LAW FIRM, PLLC

By: _____
Richard L. Rosen
Attorneys for Petitioner
110 East 59th Street
23rd Floor
New York, New York 10022
(212) 644-6644

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
In the Matter of The Arbitration of Certain Controversies
Between:

DUNHILL FRANCHISEES TRUST,                                  PETITION

          Petitioner,                         Index No.: 109725/07

    - and -

DUNHILL STAFFING SYSTEMS, INC.,

          Respondent.
-------------------------------------------------------------x

    The Petitioner, Dunhill Franchisees Trust, respectfully shows and alleges:

    1.    That Petitioner (sometimes referred to as the "Trust") is a trust representing the interests of a group of several former franchisees of Respondent, Dunhill Staffing Systems, Inc.

    2.    That at all times hereinafter mentioned, Respondent herein, Dunhill Staffing Systems, Inc. (sometimes referred to as "Dunhill") was and still is a corporation organized and existing under the laws of the State of Delaware with its principal offices located at 9190 Priority Way, West Drive, Suite 201, Indianapolis, Indiana 46240.

    3.    That Respondent was and still is a franchising company which owns and operates franchises in the employment staffing/placement industry.

    4.    That on or about June 2004, Dunhill commenced an arbitration proceeding (the "Arbitration" or the "Arbitration Proceeding") with the chosen locale of New York County, New York, under the auspices of the American Arbitration Association (the "AAA") by serving a

Demand for Arbitration which sought various forms of relief against and which named as respondents, the "Dunhill Franchisees Trust" as well as a number of individuals, each of whom was either a then/former Dunhill franchisee or was the principal of a business entity which was a then/former Dunhill franchisee. (A copy of Dunhill's Demand for Arbitration is annexed hereto as Exhibit "A".)

5. That a significant portion of the individuals named in the Demand for Arbitration had previously joined together and formed the Trust for the purpose of protecting the legal and financial interests of their individual members.

6. That on or about September 2004, the Trust, on behalf of its individual members who were named in the Demand for Arbitration, submitted an Answering Statement and Counterclaims in response to the Notice of Arbitration. (A copy of the Trust's Answering Statement and Counterclaims is annexed hereto as Exhibit "B".)[1]

7. That after an initial period, the AAA's caption of the Arbitration Proceeding came to include as respondents: (i) the "Dunhill Franchisees Trust"; (ii) various individuals who were members of the Trust; and (iii) two (2) additional then/former Dunhill franchisees, Willie Miska and Robert Bahr who had no connection to the Trust, were never represented by counsel for the Trust (i.e., Petitioner's counsel), and who have no connection whatsoever to this proceeding.

8. That in time, the AAA's Case Manager, for purposes of administrative convenience, requested the consent of the parties therein and the permission of the Arbitrator, to modify the caption of the Arbitration Proceeding to retain as respondent therein, the "Dunhill

---

[1] Petitioner also submitted separate claims against Respondent on behalf of another Dunhill Franchisees Trust member, Robert Sommella, who had not been named in Respondent's Notice of Arbitration.

Franchisees Trust," but to remove from the caption (as a respondent), the individuals who were named and who were Trust members and therefore, were being represented by the Trust's counsel.

9. That the parties therein consented to the request and that Michael Friedman, the arbitrator in the Arbitration (sometimes referred to herein as the "Arbitrator") granted permission to the AAA's Case Manager to make said modification to the caption of the Arbitration Proceeding.

10. That at various times during the pendency of the Arbitration Proceeding and prior to the time that the arbitration hearings began in January 2007, many of the individually named Trust members who had initially been named as respondents in Dunhill's Demand for Arbitration, resolved and settled their disputes with Dunhill. Therefore, at the time that the hearings in the Arbitration commenced, only five (5) individual Trust members remained participants in the Arbitration proceeding (Harvey Auger, Michael Lamanna, Basil "Bud" Westover, Elias Zinn and Michael Wilcoxson)[2] (collectively, referred to as the "Remaining Trust Participants") and the Arbitrator had to make findings and determinations only with respect to the claims and counterclaims of said Remaining Trust Participants.[3]

11. That during the pendency of the arbitration proceeding, the Arbitrator requested that the Trust's counsel provide him with written confirmation, from each of the individual Trust members who were participating in the Arbitration Proceeding, that they agreed to be individually bound by the award which was to be rendered in the said proceeding.

---

[2] As Elias Zinn and Michael Wilcoxson were business partners with respect to their Dunhill franchises, the five (5) individuals actually represented only four (4) former Dunhill franchisees.
[3] As part of the Arbitration, Respondent had also asserted claims against two Dunhill franchisees (or former franchisees), Robert Bahr and Willie Miska, who had no involvement whatsoever with the Dunhill Franchisee Trust. This proceeding only seeks confirmation of the Arbitrator's award in so far as it relates to Mssrs. Auger, Lamanna, Westover, Zinn and Wilcoxson.

3

12. That on or about June 2006 and in response to the Arbitrator's request, the Trust provided the Arbitrator with such written confirmations (signed letters) from each of the then remaining Trust members who were participating in the Arbitration Proceeding. (Copies of said letters signed by each of the Remaining Trust Participants are annexed hereto as Exhibit "C".)

13. That Harvey Auger resides at 4825 King Arthur Drive, Charlotte, North Carolina 28272.

14. That Michael Lamanna resides at 31952 LaSubida Drive, Trabuco Canyon, California 92679.

15. That Basil "Bud" Westover resides at 5017 Southpoint Drive, Arlington, Texas 76017.

16. That Elias Zinn resides at 531 Jessamine Street, Bellaire, Texas 77401.

17. That Michael Wilcoxson resides at 6 Champions Mark, San Antonio, Texas 78258.

18. That on or about October 12, 2000, the Respondent entered into a written "permanent placement" franchise agreement with Mr. Auger's business entity, "The Auger Group, Inc." (a copy of which is annexed hereto as Exhibit "D"), whereby each of them agreed in Sections 12 and 13(H) therein that all controversies, disputes or claims arising between them will be submitted to, conducted before and in accordance with the rules of the AAA under its then current commercial arbitration rules, and judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction in New York, New York.

19. That on or about June 14, 2001, the Respondent entered into a written "permanent placement" franchise agreement with Mr. Lamanna d/b/a Dunhill Professional Search of Irvine, California (a copy of which is annexed hereto as Exhibit "E"), whereby each of them agreed in Sections 12 and 13(H) therein that all controversies, disputes or claims arising between them will be submitted to, conducted before and in accordance with the rules of the AAA under its then current commercial arbitration rules, and judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction in New York, New York.

20. That on or about July 18, 2002, the Respondent entered into a written "permanent placement" franchise agreement with Mr. Westover (a copy of which is annexed hereto as Exhibit "F"), whereby each of them agreed in Sections 23.01 and 28.04 therein that all controversies, disputes or claims arising between them will be submitted to, conducted before and in accordance with the rules of the AAA under its then current commercial arbitration rules, and judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction in New York, New York.

21. That on or about January 21, 2000, the Respondent entered into two (2) written franchise agreements with SW Employment Solutions, Inc., an entity in which each of Messrs. Zinn and Wilcoxson had a 50% ownership interest. One franchise agreement related to a "permanent placement" franchise and the other related to a "temporary staffing" franchise. With respect to the permanent placement franchise agreement (a copy of which is annexed hereto as Exhibit "G") the parties thereto agreed in Sections 12 and 13(H) therein that all controversies, disputes or claims arising between the parties thereto will be submitted to, conducted before and in accordance with the rules of the AAA under its then current commercial arbitration rules, and

judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction in New York, New York.

22. That with respect to the "temporary staffing" franchise agreement entered into by Respondent and Messrs. Zinn and Wilcoxson's business entity (a copy of which is annexed hereto as Exhibit "H") the parties thereto agreed in Sections 17.01 and 18.05 therein that all controversies, disputes or claims arising between the parties thereto will be submitted to, conducted before and in accordance with the rules of the AAA under its then current commercial arbitration rules, and judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction in New York, New York.

23. That on or about April 11, 2005, Michael Friedman was selected and appointed by the AAA to serve as the arbitrator in connection with the Arbitration Proceeding and to adjudicate and award all matters in dispute between the parties (as set forth herein) pursuant to the various dispute resolution provisions contained in the parties' franchise agreements (referenced above) and in accordance with the commercial rules of the AAA. (A copy of the AAA's letter appointing the arbitrator is annexed hereto as Exhibit "I".)

24. That Michael Friedman, as arbitrator, on the 25th day of May, 2007, after having taken the oath prescribed by law and after the parties (as set forth herein) had duly appeared before him and submitted their proofs (the parties participated in a total of thirteen (13) days of hearings (which were held this year on: January 18, 19, 22-26, 29-31 and March 6-8), completed his investigations and studies of all the facts, circumstances, elements, and proofs entering into the controversy so submitted to him as aforesaid and having fully considered all of the evidence and arguments submitted by the parties (as set forth herein) [it should be noted that both Dunhill on the one hand, and the Trust, on behalf of the Remaining Trust Participants on the other hand,

6

each submitted extensive memoranda setting forth their respective factual and legal positions and arguments]; whereby he made various findings and determinations, including but not limited to, a finding that Dunhill's failures to disclose to the Remaining Trust Participants, various material facts relating to the Dunhill franchise system which were known to Dunhill, and which in their entirety and under the circumstances which existed at the time they were induced to purchase their Dunhill franchises, operated as a fraud upon each of them[4]; whereby he having come to a decision, duly made his award in writing, signed and affirmed same (on May 25, 2007) which included various determinations including that each of the defrauded Remaining Trust Participants is entitled to rescission of his purchase of his respective franchise(s) as well as damages against Dunhill, and made an award with respect to the payment by Dunhill of interest, administrative fees of the AAA, compensation of the arbitrator as well as attorneys' fees. (A copy of the Arbitrator's award, together with the AAA's transmittal letter to respective counsel is annexed hereto as Exhibit "J".)

25.     That on May 29, 2007 a copy of the aforesaid award was mailed via first class mail to counsel for Dunhill and for the Trust by the AAA's Case Manager pursuant to the AAA's Commercial Rule No. R-45 (entitled "Delivery of Award to Parties") which states:

> *"Parties shall accept as notice and delivery of the award, the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses*, personal or electronic service of the award, or the filing of the award in any manner that is permitted by law" (Emphasis added.)

(A copy of the AAA's Commercial Rules is annexed hereto as Exhibit "K".) As the parties to the Arbitration Proceeding had agreed to be bound by the Commercial Rules of the AAA with respect to the resolution of any disputes that they had, a copy of the Arbitrator's award was in fact, delivered "to each party in the manner provided in the agreement" in accordance with

---

[4] See Page 2, Paragraph 3 of the Arbitrator's Award (annexed hereto as Exhibit "J").

7

C.P.L.R. §7507.

26. This petition is brought within one (1) year after the aforesaid delivery of the award to the Petitioner, Dunhill Franchisees Trust, and the award has not been vacated or modified upon any ground specified in C.P.L.R. §7511.

WHEREFORE, Petitioner respectfully demands that a judgment be entered herein confirming the aforesaid award (as it relates to Harvey Auger, Michael Lamanna, Basil "Bud" Westover, Elias Zinn and Michael Wilcoxson) and directing that judgment be rendered thereon in this court, together with interest from May 25, 2007, attorneys' fees, and the costs, disbursements of this proceeding, and that Petitioner have such other and further relief as to the Court may seem proper.

Dated: New York, New York
       July 13, 2007

THE RICHARD L. ROSEN LAW FIRM, PLLC

By: _____
    Richard L. Rosen
Attorneys for Petitioner
110 East 59th Street
23rd Floor
New York, New York 10022
(212) 644-6644

8

## VERIFICATION

STATE OF North Carolina :ss
COUNTY OF Mecklenburg

HARVEY AUGER, being duly sworn, deposes and says:

I am a member of the DUNHILL FRANCHISEES TRUST, Petitioner in the within proceeding and I was a participant in the Arbitration Proceeding which is referenced to in the annexed Notice of Petition and Petition. I have read said document(s) and know the contents thereof. The same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and, as to those matters, I believe them to be true.

_____
HARVEY AUGER

Sworn to before me this
28 day of June, 2007

_____
Notary Public

TIFFANY R MILLER
NOTARY PUBLIC
MECKLENBURG COUNTY
NORTH CAROLINA
My Commission Expires October 12, 2009

## VERIFICATION

STATE OF California ):ss

COUNTY OF Orange )

MICHAEL LAMANNA, being duly sworn, deposes and says:

I am a member of the DUNHILL FRANCHISEES TRUST, Petitioner in the within proceeding and I was a participant in the Arbitration Proceeding which is referenced to in the annexed Notice of Petition and Petition. I have read said document(s) and know the contents thereof. The same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and, as to those matters, I believe them to be true.

_____
MICHAEL LAMANNA

Sworn to before me this
28th day of June, 2007

_____
Notary Public

VALERIE R. WIESEN
Commission # 1429794
Notary Public - California
Orange County
My Comm. Expires Jul 11, 2007

## VERIFICATION

STATE OF TEXAS          ):ss

COUNTY OF TARRANT)

BASIL "BUD" WESTOVER, being duly sworn, deposes and says:

I am a member of the DUNHILL FRANCHISEES TRUST, Petitioner in the within proceeding and I was a participant in the Arbitration Proceeding which is referenced to in the annexed Notice of Petition and Petition. I have read said document(s) and know the contents thereof. The same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and, as to those matters, I believe them to be true.

_____
BASIL "BUD" WESTOVER

Sworn to before me this
29th day of June, 2007

_____
Notary Public

PAMELA K. MARTIN
Notary Public, State of Texas
My Commission Expires 06-20-08

P.02

## VERIFICATION

STATE OF TX )  
           ):ss  
COUNTY OF Bexar )

ELIAS ZINN, being duly sworn, deposes and says:

I am a member of the DUNHILL FRANCHISEES TRUST, Petitioner in the within proceeding and I was a participant in the Arbitration Proceeding which is referenced to in the annexed Notice of Petition and Petition. I have read said document(s) and know the contents thereof. The same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and, as to those matters, I believe them to be true.

_____  
ELIAS ZINN

Sworn to before me this  
28 day of June, 2007

_____  
Notary Public



BEVERLY J. McGLOTHLIN  
NOTARY PUBLIC  
STATE OF TEXAS  
My Comm. Expires 02-17-2009

## VERIFICATION

STATE OF TX
):ss
COUNTY OF Bexar )

MICHAEL WILCOXSON, being duly sworn, deposes and says:

I am a member of the DUNHILL FRANCHISEES TRUST, Petitioner in the within proceeding and I was a participant in the Arbitration Proceeding which is referenced to in the annexed Notice of Petition and Petition. I have read said document(s) and know the contents thereof. The same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and, as to those matters, I believe them to be true.

MICHAEL WILCOXSON

Sworn to before me this
28 day of June, 2007

Beverly J. McGlothlin
Notary Public



BEVERLY J. McGLOTHLIN
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 02-17-2009