UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of The Arbitration of certain Controversies Between<br><br>DUNHILL FRANCHISEES TRUST<br>　　　　　　　Petitioner,<br><br>v.<br><br>DUNHILL STAFFING SYSTEMS, INC.;<br>　　　　　　　Respondent. | Case No. : 07-CV-6940 (VM) |

### AFFIDAVIT OF JEFFREY H. WOLF

STATE OF ARIZONA　　　)
　　　　　　　　　　　　) ss.
County of Maricopa　　　 )

Jeffrey H. Wolf, having been duly sworn, states as follows:

1. I am one of the attorneys for Respondent Dunhill Staffing Systems, Inc. ("Dunhill") and was Dunhill's lead counsel in the underlying arbitration hearing.

2. I am familiar with all of the documents and pleadings in this case and attended all thirteen days of the arbitration hearing.

3. During the course of the hearing, the Franchisees, consistent with the claims laid out in their pre-hearing brief, asserted that Dunhill made misrepresentations in connection with the sale of their franchises concerning matters such as the size of the Dunhill franchise system (i.e. the number of franchisees), Dunhill's future plans to expand or grow the system, the percentage of revenue generated from Dunhill's Exchange Program (a franchisee fee splitting arrangement), and franchisee earnings

projections.

4.     The Franchisees never asserted in their answering statement or counterclaims that Dunhill failed to disclose that a Dunhill permanent staffing franchise was no longer viable as of a certain point in time, or that a prospective franchisee did not have a reasonable chance of success as a new business entrant without prior industry experience.

5.     Similarly, the Franchisees never asserted during the hearings that Dunhill failed to disclose that a Dunhill permanent staffing franchise was no longer viable as of a certain point in time, or that a prospective franchisee did not have a reasonable chance of success as a new business entrant without prior industry experience.

6.     Further, in their post-hearing briefs, the Franchisees never asserted that Dunhill failed to disclose that a Dunhill permanent staffing franchise was no longer viable as of a certain point in time, or that a prospective franchisee did not have a reasonable chance of success as a new business entrant without prior industry experience.

7.     At the conclusion of the hearing, the Arbitrator directed counsel to simultaneously submit post-hearing briefs in lieu of closing arguments. The Arbitrator also stated that no further responsive briefs could be submitted. In other words, the written submission by each party would be the final submission for each, with no opportunity for rebuttal. At that point, the Franchisees' attorney, Richard Rosen, noted that neither party should be able to add any new claims or evidence within the post-hearing briefs, particularly in light of the fact that no response could be made. I agreed and stated that Dunhill would not attempt to introduce new claims or evidence. This discussion was held off the record on the final day of proceedings.

8. The Franchisees never raised the issue attorneys' fees during the course of the hearings. The parties had no agreement with regard to the submission of evidence on attorneys' fees with their post-hearing briefs.

9. Moreover, at no time did the Arbitrator direct the Franchisees to submit evidence of their attorneys' fees.

10. Before receiving the Franchisees' post-hearing brief, Dunhill never had any opportunity to examine the purported evidence of the Franchisees' attorneys' fees. In fact, although the Franchisees represented that they served Dunhill's counsel with a post-hearing binder containing detailed time entries, no such binder was ever served.

11. Prior to the conclusion of the hearing, the Franchisees had made only a bare allegation of attorneys' fees in their answering statement and counterclaims and pre-hearing brief, despite the absence of a contractual basis for asserting such a claim. However, under the AAA Commercial Rules of Arbitration, Dunhill was not required to reply to the answering statement, and the Arbitrator had not granted leave to reply to the pre-hearing brief. The first quantification of any kind of the claimed fees was in a "schedule of damages" that the Franchisees submitted to the Arbitrator about one week before the commencement of the hearing. That document, which did not contain any itemized description of the claimed fees, included $500,000 in attorneys' fees ($125,000 per franchisee) as part of the Franchisees' alleged damages. However, at the arbitration hearing, the Franchisees never sought to admit evidence of their attorneys' fees and, given the lack of any legal basis to do so, such an attempt would have been inappropriate.

12. At no time was Dunhill ever afforded the opportunity to either specifically contest the propriety of the Franchisees' claim for attorneys' fees or to examine and

respond to the schedule of legal fees that the Franchisees attached to their post-hearing brief.

    13.    Submitted herewith are the following exhibits:

Exhibit 1 - May 25, 2007 Arbitration Award

Exhibit 2 - Dunhill Staffing System's Post-Hearing Memorandum of Law Regarding Respondent Elias Zinn and Michael Wilcoxson

Exhibit 3 - Dunhill Staffing System's Post-Hearing Memorandum of Law Regarding Respondent Harvey Auger

Exhibit 4 - Dunhill Staffing System's Post-Hearing Memorandum of Law Regarding Respondent Michael Lamanna

Exhibit 5 - Dunhill Staffing System's Post-Hearing Memorandum of Law Regarding Respondent Bud Westover

Exhibit 6 - Dunhill Staffing Systems, Inc. Permanent Franchise Agreement dated January 21, 2000 - Elias Zinn and Michael Wilcoxson

Exhibit 7 - Dunhill Staffing Systems, Inc. Franchise Agreement dated October 12, 2000 - Harvey Auger

Exhibit 8 - Dunhill Staffing Systems, Inc. Franchise Agreement dated June 14, 2001 - Michael Lamanna

Exhibit 9 - Dunhill Staffing Systems, Inc. Franchise Agreement dated July 18, 2002 - Basil Westover

Exhibit 10 - Dunhill Staffing Systems, Inc. Permanent Placement Franchise, Uniform Franchise Offering Circular provided to Elias Zinn

Exhibit 11 - Dunhill Staffing Systems, Inc. Franchise Offering Circular provided to Harvey Auger

Exhibit 12 - Dunhill Staffing Systems, Inc. Franchise Offering Circular provided to Michael Lamanna

Exhibit 13 - Dunhill Staffing Systems, Inc. Permanent Placement Franchise, Uniform Franchise Offering Circular provided to Basil Westover

Exhibit 14 - Dunhill Staffing System's "Explore the Opportunities"

PHX 327913796v1 8/9/2007

Exhibit 15 - "Investigate Before Investing - Guidance for Prospective Franchises" by Lewis G. Rudnick and H. Bret Lowell revised July 1992, as published by the International Franchise Association

Exhibit 16 - Respondent's Answering Statement and Counterclaims dated September 10, 2004

Exhibit 17 - Respondent Franchisees Trust's Pre-Hearing Brief dated January 16, 2007

Exhibit 18 - Respondent Franchisees Trust's Post-Hearing Brief dated April 27, 2007

Exhibit 19 - Arbitration Hearing Transcripts
(1/18/07, 1/19/07, 1/22/07, 1/23/07, 1/24/07, 1/25/07, 1/26/07, 1/29/07, 1/30/07, 1/31/07, 3/6/07, 3/7/07, 3/8/07)


FURTHER AFFIANT SAYETH NOT.

_____
Jeffrey H. Wolf

SUBSCRIBED AND SWORN TO before me this 9th day of August, 2007, by Jeffrey H. Wolf.

_____
Notary Public

OFFICIAL SEAL
JANICE M. WILEMBRECHT
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Expires Sept. 22, 2007

PHX 327913796v1 8/9/2007