AMERICAN ARBITRATION ASSOCIATION

*Commercial Arbitration Tribunal*

------------------------------------------------------------------x

| | | |
|---|---|---|
| DUNHILL STAFFING SYSTEMS, INC., | : | |
| Claimant, | : | Case No. 13 181 Y 01674 04 |
| -against- | : | |
| DUNHILL FRANCHISEES TRUST | : | |
| -and- | : | |
| WILLIE MISKA | : | |
| Respondents. | : | |

------------------------------------------------------------------x

## OPINION AND AWARD

   Claimant commenced arbitration proceedings against Respondents Messrs. Bud Westover, Elias Zinn and Michael Wilcoxson, Harvey Auger, and Michael Lamanna ( who collectively were styled the Dunhill Franchisees Trust) and Robert Bahr and Willie Miska seeking unpaid royalties and fees claimed due it under the several franchise agreements entered into between the Respondents and Claimant. Respondents Westover, Zinn and Wilcoxson, Auger and Lamanna ( hereafter, collectively referred to as the "Trust Respondents") have counter-claimed for rescission and damages alleging, among other things, failure of consideration, common law fraud, breach of contract, fraudulent and unlawful practices under the New York Franchise Sales Act and Unfair or Deceptive Acts or Practices under the Franchise Rules of the Federal Trade Commission. The Trust Respondents have confirmed in writing that notwithstanding the fact that the Dunhill Franchisees Trust is a named party in this arbitration proceeding the award in this arbitration proceeding shall bind them individually. Respondent Willie Miska did not raise any defenses in this proceeding. In a separate Interim Partial Final Award dated February 15, 2007 the arbitration proceeding between Dunhill Staffing Systems, Inc. and Respondent Robert Bahr only, was severed from the arbitration proceeding between Claimant and Dunhill Franchisees Trust and Willie Miska and was dismissed without prejudice to the rights and obligations of either party and without prejudice to the rights of either party to assert any claims or defenses with respect to any dispute regarding or related to the Franchise Agreement between them. This Opinion and Award will first deal with the respective claims and defenses of Claimant and the Trust Respondents and then deal with the claim of Claimant against Willie Miska.

```
-----------------------------------------------------------x
DUNHILL STAFFING SYSTEMS, INC.,            :
                Claimant,                  :       Case No. 13 181 Y 01674 04
        -against-                          :
DUNHILL FRANCHISEES TRUST                  :
        -and-                              :
WILLIE MISKA                               :
                Respondents.               :
-----------------------------------------------------------x
```

The evidence presented at the hearings established that an essential element of a contemporary franchise that is sold by a franchisor and purchased by a franchisee consists of a viable business opportunity (a proven business model) which a new entrant to the business can employ with the expectation of a reasonable chance at starting and establishing a successful business, though without any guarantee of success. This is frequently coupled with some form or trademark/service mark i.e. brand recognition, territorial exclusivity and some degree of training and support, both before the franchisee commences business as well as after. The territorial exclusivity factor is much attenuated in the case of Claimant's permanent placement franchises since all franchisees were permitted to place candidates in positions nationwide without territorial restriction. Both Claimant's marketing material submitted into evidence and Trust Respondents' expert witness emphasized that statistically the success rate of start up franchisees are significantly greater than those of someone independently starting his own business and that this increased chance of success is a significant factor in an entrepreneur's choice of purchasing a franchise rather than independently starting a business.

The evidence presented at the hearings established that:
1. By December 2000 Claimant knew or should have known that a Dunhill Staffing Systems, Inc. permanent placement franchise no longer presented an opportunity with a reasonable chance of success for a new entrant to the business, without prior experience in the industry;[1]
2. This information was not clearly set forth in Claimant's Uniform Franchise Offering Circulars and marketing materials which were given to the Trust Respondents by Claimant; and
3. Claimant intended that the Trust Respondents rely upon the statements contained in Claimant's Uniform Franchise Offering Circulars and marketing materials in connection with their respective purchases of a franchise.

Thus Dunhill Staffing Systems Inc.'s Uniform Franchise Offering Circulars and marketing materials given to the Trust Respondents omitted to state material facts, known to Claimant which under the circumstances in their entirety operated as a fraud upon these Respondents. The evidence also established that the Trust Respondents in the exercise of reasonable diligence would not have been able to discover the omitted material information prior to their acquiring their franchises and trying to make them into successful businesses.

Accordingly the Trust Respondents are entitled to rescission of the purchase of their franchises and damages and Claimant is not entitled to payment under the franchise agreements with these Respondents. Respondent Westover also established that Claimant breached its

---

[1] I note in passing that Claimant presented testimony of a satisfied successful franchisee who became a franchisee in 2001. The success of this franchisee does not contradict this finding. The franchisee in question had spent 20 years in the placement industry prior to becoming a Dunhill franchise owner.

```
-----------------------------------------------------------------x
DUNHILL STAFFING SYSTEMS, INC.,                    :
                  Claimant,                        :    Case No. 13 181 Y 01674 04
        -against-                                  :
DUNHILL FRANCHISEES TRUST                          :
        -and-                                      :
WILLIE MISKA                                       :
                  Respondents.                     :
-----------------------------------------------------------------x
```

contractual obligation with respect to an exclusive "territory" but compensatory damages for this breach are subsumed within the award on his rescission claim. Respondents' claim for consequential damages i.e. the lost business opportunity or what they could have earned if they had not purchased and tried to operate their respective franchises is too speculative. This arbitrator cannot simply assume a straight trajectory of earnings based employment/business activities prior to purchasing a franchise, since for various reasons pertaining to their own respective circumstances, each of these Respondents left their prior occupation to try a start up in another field, the Dunhill franchise. An award of interest on the money each Trust Respondent paid for and invested in his franchise is appropriate since it is not speculative that had such funds been otherwise invested in a conservative investment they would have at least earned interest. There was insufficient evidence that Mr. Auger's heart attack was proximately caused by the purchase and pursuit of the ill fated franchise opportunity.

    This is not a case where punitive damages are appropriate. The circumstances of these cases, while most unfortunate is not so egregious as to "shock the conscience". However, an award of attorney's fees is appropriate. Trust Respondents should not have their compensatory recovery reduced by the costs and expenses of achieving the same. Also the award of attorney's fees is authorized by the Commercial Arbitration Rules of the American Arbitration Association where, as here, both parties have requested an award of attorneys' fees.

    Claimant's claim against Willie Miska for royalties and fees due it under the its franchise agreement with this Respondent is not subject to the same defenses as those asserted by the Trust Respondents. Mr. Miska has not participated in the hearings and has not asserted any defenses or counterclaims. Mr. Miska purchased his franchise in March 1998 and the evidence presented by the Trust Respondents does not appear to apply to Mr. Miska's situation. Claimant has presented uncontradicted evidence as to the amount of royalties due. Accordingly an award of unpaid royalties and interest against Mr. Miska is warranted. Since pursuit of the claim against Mr. Miska comprised such a small part of the total arbitration proceeding, a separate award of attorney's fees and allocation arbitration expenses is not, as a practical matter severable from the attorneys fees and expenses in the entire proceeding and none is awarded.

## AWARD

I, the undersigned arbitrator, duly appointed in accordance with the arbitration agreements, contained in the several franchise agreements between the Claimant and Respondents, after having considered the testimony, evidence and contentions of the Claimant and Trust Respondents, and Respondent Miska having failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association, and having previously

```
-----------------------------------------------------------x
DUNHILL STAFFING SYSTEMS, INC.,              :
                    Claimant,                :   Case No. 13 181 Y 01674 04
        -against-                            :
DUNHILL FRANCHISEES TRUST                    :
        -and-                                :
WILLIE MISKA                                 :
                    Respondents.             :
-----------------------------------------------------------x
```

rendered an Interim Partial Final Award dated February 15, 2007, for the reasons set forth above, do hereby determine, award and order as follows:

Now therefore, it is hereby Awarded and Ordered that:

1. Claimant Dunhill Staffing Systems, Inc. shall pay compensatory damages fees to Harvey Auger in the amount of $ 248,980 (inclusive of interest through December 31, 2006).

2. Claimant Dunhill Staffing Systems, Inc. shall pay attorneys' fees to Harvey Auger in the amount of $ 125,000.

3. Claimant Dunhill Staffing Systems, Inc. shall pay compensatory damages to Michael Lamanna in the amount of $ 206,145 (inclusive of interest through December 31, 2006).

4. Claimant Dunhill Staffing Systems, Inc. shall pay attorneys' fees to Michael Lamanna in the amount of $ 125,000.

5. Claimant Dunhill Staffing Systems, Inc. shall pay compensatory damages to Bud Westover in the amount of $932,101.96 (inclusive of interest through December 31, 2006)

6. Claimant Dunhill Staffing Systems, Inc. shall pay attorneys' fees to Bud Westover in the amount of $ 125,000.

7. Claimant Dunhill Staffing Systems, Inc. shall pay compensatory damages to Messrs. Elias Zinn and Michael Wilcoxson in the total amount of $ 409,446.16 (inclusive of interest through December 31, 2006).

8. Claimant Dunhill Staffing Systems, Inc. shall pay attorneys' fees to Messrs. Elias Zinn and Michael Wilcoxson in the total amount of $ 125,000.

9. Willie Miska shall pay Dunhill Staffing Systems, Inc. the sum of $64,655.42 for unpaid royalties and interest thereon (through December 31, 2006).

10. The administrative fees of the American Arbitration Association totaling $23,000.00, and the compensation of the Arbitrator totaling $45,587.50 shall be borne by Claimant. Therefore, Claimant shall reimburse the Trust Respondents

```
-----------------------------------------------------------x
DUNHILL STAFFING SYSTEMS, INC.,                            :
                    Claimant,                              :    Case No. 13 181 Y 01674 04
          -against-                                        :
DUNHILL FRANCHISEES TRUST                                  :
          -and-                                            :
WILLIE MISKA                                               :
                    Respondents.                           :
-----------------------------------------------------------x
```

the sum of $35,668.75, representing that portion of said fees in excess of the apportioned costs previously incurred by the Trust Respondents.

11. The amounts payable pursuant to decretal paragraphs no. 1 through 9 inclusive shall bear interest at the rate of 9% per annum from the date of this award until paid in full.

12. This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

Dated: May 25, 2007.

_____
Michael D. Friedman
Arbitrator

I, **MICHAEL D. FRIEDMAN, ESQ.**, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

May 25 2007
(DATED)                                              (SIGNATURE)

5