AMERICAN ARBITRATION ASSOCIATION

----------------------------------------x

DUNHILL STAFFING SYSTEMS, INC.,         :

        Claimaint,                      :       Case No. 13 181 Y 01674 04

  -against-                             :

DUNHILL FRANCHISES TRUST, et. al.       :

        Respondents.                    :

----------------------------------------x

## SCHEDULING ORDER No. 1

By order of the Arbitrator, the following is hereby in effect:

1. Claimant and Respondent Trust shall endeavor to use their reasonable best efforts to comply with the following Scheduling of Depositions. (If any depositions remain outstanding after September 30, 2006, they shall be taken as soon thereafter as if reasonably practicable.)

    (i) Week of June 19, 2006 – Claimant will conduct the depositions of approximately one-half of the then existing members of Respondent Trust. Currently, there are 19 members of Respondent Trust consisting of 20 principals. By way of example, if two (2) Trust members have resigned (or abandoned) the Trust prior to the referenced time, (e.g., because the Trust members have reached an individual settlement with Claimant), the number of deposition witnesses (principals) who will be produced by the Trust for this round of depositions would be nine (9), one-half of the then remaining principals in the Trust at that time (18).

    (ii) Week of July 10, 2006 – Respondent will conduct the deposition of Albert H. Nahmad, a current member of the Board of Directors of Claimant, as a Dunhill "party" witness. The deposition will take place in Los Angeles where the Arbitrator has been advised that Mr. Nahmad will be located. If this date and location is not acceptable to Claimant, Mr. Nahmad's deposition shall take place in New York City on a date acceptable to Mr. Nahmad but not later than October 6, 2006.

    (iii)    Week of August 21, 2006 – Respondent Trust will conduct depositions of "non-party" witnesses (including Daniel Abramson, Robert Stidham, Jr., Steven Fogelgren, Michael Tish, Jamie Owen and Richard DeSantis); and

    (iv)    Week of September 18, 2006 – Claimant will conduct depositions of the members of Respondent Trust who have not already been deposed.

2. By no later than October 1, 2006, Claimant and Respondent Trust shall serve by mail, upon the Arbitrator and each other, their respective Preliminary List of Witnesses for the Hearings, including expert Witnesses, if any.

3. By no later than November 1, 2006, Claimant and Respondent Trust will serve by mail, upon the Arbitrator and each other, their respective Expert Reports, if any.

4. By no later than December 15, 2006, all Discovery of whatever nature shall be completed, subject to the Arbitrator's discretion.

5. By no later than December 22, 2006, Claimant and Respondent Trust shall serve by mail, upon the Arbitrator and each other, their respective Pre-Hearing Legal Briefs.

6. By no later than December 22, 2006, Claimant and Respondent Trust shall serve by mail, upon the Arbitrator and each other, their respective a Joint Pre-Hearing Statement, which will include among other things, a Final Witness List for the Hearings and a Statement of Stipulated Facts, if any. Also, by said date, Claimant and Respondent Trust shall serve by mail upon each other, their respective Book of Exhibits. The Books of Exhibits will be delivered to the Arbitrator at the Hearing.

7. The Hearing in this matter will commence on January 16, 2007 and will continue on consecutive weekdays thereafter, through and including January 26, 2007, as necessary. If an additional hearing day is necessary, January 29, 2007 will be added.

8. Claimant and Respondent Trust have stipulated that a Court Reporter shall be present at each day of the Depositions and each day of the Hearings and that all court reporter costs or expenses shall be borne equally between them.

9. Claimant and Respondent Trust have stipulated that they shall serve by mail upon the Arbitrator and each other, their respective Post-Hearing Legal Briefs within such period after the end of the hearings as may be agreed upon by Claimant and Respondent Trust, subject to the Arbitrator's discretion.

2

10. Claimant and Respondent Trust have stipulated that the Award issued by the Arbitrator shall be in the form of a "standard" (as opposed to a "reasoned") Award.

11. This order shall remain in effect unless and until amended by a subsequent order of the Arbitrator.

Dated: June 8, 2006.

                                                Michael D. Friedman, Esq.
                                                Arbitrator