UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of The Arbitration of certain Controversies Between<br><br>DUNHILL FRANCHISEES TRUST<br>    Petitioner,<br><br>v.<br><br>DUNHILL STAFFING SYSTEMS, INC.;<br><br>    Respondent. | Case No. : 07-CV-6940 (VM) |

### SUPPLEMENTAL AFFIDAVIT OF JEFFREY H. WOLF

STATE OF ARIZONA  )
          ) ss.
County of Maricopa   )

Jeffrey H. Wolf, having been duly sworn, states as follows:

1. I am one of the attorneys for Respondent Dunhill Staffing Systems, Inc. ("Dunhill") and previously submitted an affidavit in support of Dunhill's Motion to Vacate Arbitration Award (the "Motion").

3. I submit this supplemental affidavit to correct the following two inaccuracies, which were inadvertently contained in my first affidavit:

(a) First, Exhibit 14 to the Motion should have been Dunhill's "Business Opportunities" brochure that was used throughout the arbitration hearing. Instead, another document, entitled "Explore the Opportunities," which was produced during discovery but not used during the arbitration hearing, was mistakenly included. I do not

327934561v1

personally know why this document, and not the correct document, was included as Exhibit 14. I have reviewed this matter with the paralegal who assisted in assembling the exhibits to the Motion. That paralegal was not the same paralegal who assisted with the arbitration hearing (who is on an extended medical leave) and, as best as I can tell, the error occurred as a result of this change in assignment. The correct exhibit, which should replace the erroneous exhibit, is attached hereto as Exhibit 14.

(b) Second, in my original affidavit, I stated that the post-hearing brief did not include any itemized description of the claimed fees. I reviewed the portion of Richard Rosen's affidavit in which he claims to have delivered to my office a notebook containing itemized billing statements. To be clear, I did receive exhibit notebooks but the ones I received did not contain any itemized billing statements. Since receiving Mr. Rosen's affidavit, I have reviewed this matter further and confirmed that no one in my office has been able to locate a notebook containing a complete billing itemization such as Mr. Rosen describes. In any event, based on the arbitrator's directive that there would be no further filings, and because there was no decision on the merits which would have necessitated an inquest as to the propriety and reasonableness of any request for attorneys' fees until May 25, 2007, there was no reason in my mind to "respond" in any way to the "request" for fees included within the respondents' simultaneously exchanged post-hearing brief.

327934561v1

FURTHER AFFIANT SAYETH NOT.

_____
Jeffrey H. Wolf

SUBSCRIBED AND SWORN TO before me this 5th day of September, 2007, by Jeffrey H. Wolf.

_____
Notary Public

OFFICIAL SEAL
SUSAN M. COLE
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires Oct. 27, 2007