# THE RICHARD L. ROSEN LAW FIRM, PLLC

ATTORNEYS AT LAW
110 East 59th Street
23rd Floor
New York, New York 10022
(212) 644-6644

ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-12-07

FACSIMILE (212) 644-3344
WWW.ROSENLAWPLLC.COM

RICHARD L. ROSEN

LEONARD S. SALIS

KENNETH L. LEIBY, JR.°
CORY COVERT
COUNSEL

°MEMBER NY AND NJ BARS

September 10, 2007

**VIA FACSIMILE: (212) 805-6382**
Honorable Victor Marrero
United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007

Re: **Dunhill Franchisees Trust v. Dunhill Staffing Systems, Inc.**
    **Case No. 07-CV-6940 (VM)**

Dear Judge Marrero:

    We are counsel for the Petitioner Dunhill Franchisees Trust (the "Trust") (and the individual former Dunhill franchisees who participated in the arbitration proceeding (the "Franchisees") with respect to the above referenced case. Last Wednesday afternoon, Respondent Dunhill Staffing Systems, Inc. ("Dunhill") filed a Reply Affidavit and a Reply Memorandum of Law ("Reply Memorandum") in support of Dunhill's motion to vacate Arbitrator Michael D. Friedman's award dated May 25, 2007 (the "Award").

    We respectfully request the Court's permission to file (which constitutes service) a Sur-Reply Memorandum of Law (of not more than 10 pages) no later than five (5) business days after receiving the Court's response (taking into account that our office will be closed this Thursday for Rosh Hashanah) or alternatively, by no later than a date which is deemed appropriate by the Court.

    Among the reasons that we request permission to file a Sur-Reply Memorandum include:

Dunhill has raised new issues and/or has misstated and/or misrepresented the Franchisees' position with respect to certain matters (or the facts in the case). Some of the more egregious examples of the above include:

(i) On page 1 of the Reply Memorandum, Dunhill states that the Franchisees position is that "the Arbitrator did <u>not</u> decide the Viability Omission Claim (or only that claim)"; The Franchisees did not offer this argument or state this in their opposition papers and

**THE RICHARD L. ROSEN LAW FIRM, PLLC**
Honorable Victor Marrero
September 10, 2007
Page 2

we would like the opportunity to clarify the Franchisees' position with respect to this matter.

(ii) On page 1 and continuing throughout its Reply Memorandum, Dunhill mischaracterizes as "claims," various issues and evidence in the case, as well as findings of the Arbitrator, and inaccurately concludes that the Arbitrator denied these "claims." This repeated mischaracterization is false and misleading and is one of the foundations upon which Dunhill's arguments are built. We would like to have an opportunity to explain why the above is material to the determination of the motion pending before the Court.

(iii) On page 7 of the Reply Memorandum, Dunhill states "the Franchisees do not dispute that the Viability Omission Claim is unrecognizable, and that the Arbitrator completely disregarded statutes and case law to invent a new disclosure obligation out of the blue, and then held Dunhill accountable on that unsupportable basis." This statement, which is a foundation of Dunhill's position, is in part indecipherable, is inaccurate, sets forth a misplaced conclusion, and is false and misleading. We would like to have an opportunity to explain why the above is material to the determination of the motion pending before the Court.

(iv) In Footnote 3 on page 6 of the Reply Memorandum, Dunhill states that a "specific list of issues" (presumably, to be submitted to the Arbitrator for his determination) was contained in each of the parties' pre-hearing and post-hearing submission and did not include the Viability Omission Claim. This is not accurate and we would like the opportunity to clarify this issue. Dunhill also cites a case in support of their position which we would like to have an opportunity to rebut.

(v) On page 6 of the Reply Memorandum, Dunhill states "...the Franchisees simply do not point to any place where the Viability Omission Claim was presented to the Arbitrator. They are unable to do so because, as we have shown, the Viability Omission Claim was not litigated by either party." This statement, which is another foundation of Dunhill's argument, is false and misleading. We would like to have an opportunity to set forth how the Franchisees presented evidence in the case which related to the Viable Opportunity issue.

(vi) On page 4 of the Reply Memorandum, Dunhill has attempted to distinguish case law cited by the Franchisees with respect to the issue of the extent of the findings included in the Award and whether or not the court should look to the evidence presented during the case. The Franchisees would like to have an opportunity to respond with respect to this issue.

(vii) On page 8 of the Reply Memorandum, Dunhill raises an issue that was not referenced in any way in its initial motion (and cites [new] case law), namely the fact that Bud Westover's Franchise Agreement required that he give Dunhill notice of any alleged defaults, and that therefore, the Arbitrator's determination that Dunhill breached its

**THE RICHARD L. ROSEN LAW FIRM, PLLC**
Honorable Victor Marrero
September 10, 2007
Page 3

  contract with Mr. Westover should be vacated. We would like to have an opportunity to rebut Dunhill's newly raised argument.

(viii) On page 10 of the Reply Memorandum, in connection with the Arbitrator's award of attorneys' fees, Dunhill contends that the Franchisees' arguments relating to the American Arbitration Association Commercial Rule 43(d) is unavailing. The Franchisees have a legal argument as to why Dunhill's position is incorrect and would like the opportunity to present it.

(ix) Dunhill's characterization of the Rosen Affidavit raises questions which have not previously been addressed and we would like the opportunity to address them in a Sur-Reply Memorandum.

  The Franchisees respectfully request an opportunity to respond to the above issues in a Sur-Reply Memorandum in that: (i) Dunhill has raised new issues which were not raised in its initial motion to vacate the Award; (ii) Dunhill has either misstated or mischaracterized the Franchisees' position or important facts in the case; and/or (iii) Dunhill's statements are indecipherable and its conclusions misplaced. It is respectfully submitted that the Franchisees have demonstrated that it is necessary for them to have an opportunity to respond in a Sur-Reply Memorandum to the above items raised in Dunhill's reply papers and that they have not had an ample opportunity to address the above items.

Respectfully yours,

Richard L. Rosen

RLR:ls
cc: Kenneth A. Lapatine, Esq.
  Attorney for Respondent
  (via facsimile)

---

Request DENIED. This matter has been more than exhaustively briefed already. The Court deems any further argument as unnecessary and inviting yet more dispute.

SO ORDERED:
9-12-07
DATE    VICTOR MARRERO, U.S.D.J.